SORONDO, J.
(concurring)
I agree with Judge Ramirez that the extraordinary writ that gave rise to the present proceeding was not “frivolous” for purposes of imposing sanctions on the attorney who filed it. I also believe that the petition for writ of prohibition in this case was without merit and unworthy of the office that filed it. In Visoly v. Security Pacific Credit Corp., 768 So.2d 482, 485 (Fla. 3d DCA 2000), this Court said:
Nothing operates more certainly to demean the profession of practicing law, than does the notion that effective advocacy condones stretching the boundaries of professional ethics in the name of pursuing client interests.
The suggestion that the trial judge’s simple act of kindness and common courtesy is a disqualifying event, is, if not “frivolous” as discussed in Visoly, at the very least meritless and borders on being insulting.[1]
The second claim is equally valueless. The case was ready and a jury panel was being gathered to begin trial. The parties approached the judge to explain their efforts to settle the case. Confronted with a claim that the defendant did not understand the plea offer, the judge made two efforts to explain it. Frustrated by what he obviously perceived to be defendant’s feigned inability to understand, the judge abandoned his efforts and opted to give defendant that which he was guaranteed by the Federal and State Constitution — a trial by jury. I applaud the judge’s immediate decision to provide defendant his right to a jury trial, rather than engaging in the unseemly practice of trying to persuade or cajole the defendant into accepting the proposed plea bargain.
The motion to disqualify should never have been filed. The decision to challenge *278 its proper denial in this Court represents the total absence of good judgment.

. The claim that the judge ignored or did not offer pizza to defense witnesses who were also sitting in the courthouse hallway is disingenuous. There is nothing in the record to suggest that the judge even saw the defense witnesses as they sat in the hallway or that he would have recognized them as such had he seen them, as the state had not yet rested its case.